UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                File No.  1:06-CR-268

v.

                                                HON. ROBERT HOLMES BELL

WALLACE DESHAWNTA MALONE,
a/k/a WALLACE DESHAUNTE MALONE,

        Defendant.
                                                /

## **O P I N I O N**

Defendant Malone has been indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant moves to sever the felon in possession count from the drug distribution counts for purposes of trial due to improper joinder. The government opposes the motion.

The Federal Rules of Criminal Procedure permit the government to charge a defendant with multiple counts in an indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). "To the extent that it is consistent with providing the defendant with a fair trial, the Rule is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*,

719 F.2d 859, 862 (6th Cir. 1983). However, if joinder does not comply with the requirements of Rule 8, the district court has "no discretion on the question of severance. Severance in such a case is mandatory." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir.1982). "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456-57 (6th Cir. 2002).

Count I of the indictment in this case charges Malone with being a felon in possession of a firearm on April 29, 2006; Count II charges him with distribution of crack cocaine on March 16, 2006; and Count III charges him with distribution of crack cocaine on August 29, 2006.

Defendant contends that joinder of the gun charge with the drug charges does not satisfy the requirements of Rule 8(a) because the offenses are not of similar character, the offenses allegedly occurred on different dates, and there is no allegation that the gun was used in furtherance of the drug distributions or that it was part of a common scheme or plan.

The government contends that although the indictment does not allege that Malone possessed, used or carried the gun in relation to a drug trafficking crime, the evidence at trial will show that Malone did in fact carry the gun in the course of and as part of his drug trafficking activities, and that the two offenses are part of the same scheme or plan. Specifically, the government advises that it will produce evidence that on the date the police were called regarding Malone's use of a gun to threaten his girlfriend, they found Malone in

possession of not only the gun, but crack cocaine as well. Malone was not charged with possession of the crack cocaine found on that date.

Although the government acknowledges that the Sixth Circuit seems to adhere to the "indictment only" rule for determination of proper joinder, the government urges this Court to follow the Eleventh Circuit's lead and decline to apply the "indictment only" rule to situations "when the evidence proffered by the government before trial or adduced during trial shows that initial joinder was proper even though the indictment may not have explicitly stated the connection between the charges." *United States v. Dominguez*, 226 F.3d 1235, 1241 (11th Cir. 2000). According to the Eleventh Circuit, "[i]t is enough that when faced with a Rule 8 motion, the prosecutor proffers evidence which will show the connection between the charges." *Id.*

The Court rejects the government's invitation to follow the Eleventh Circuit's opinion in *Dominguez* because it does not appear to be consistent with binding Sixth Circuit precedent. The Sixth Circuit explicitly adheres to the "indictment only" rule. In *Chavis*, the Sixth Circuit held that joinder of the drug and firearms charges was not proper because there was "no evidence or allegation in the indictment" suggesting that the two charges were similar or related in the manner required by Rule 8(a). 296 F.3d at 458. As noted in *Chavis*, "[t]he indictment did not allege that Chavis's illegal acquisition of the firearms was related to drug activity in any way, 'and it is the face of the indictment on which we must focus in

deciding whether the charges were properly joined.'" *Id.* at 458 (quoting *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995)).

The government argued in *Chavis*, as it does here, that because guns are often the "tools of the trade" in drug trafficking operations and because it had evidence linking the gun to uncharged drug activity, that there was a sufficient connection between the two offenses to permit joinder. The *Chavis* court rejected the argument. *Id.* at 459-60. The *Chavis* court held:

> The "tools of the trade" argument generally permits joinder only when the firearms charges and the drug charges are "sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan," as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search.

*Id.* at 459. The *Chavis* court clarified that evidence that the firearms were connected with some uncharged drug activity was not sufficient to show that the offenses charged in the indictment were connected for purposes of Rule 8(a). *Id.* at 460. In addition, the court noted that the facts connecting the gun to the drug activity "are not found anywhere in the indictment, which is the relevant place to look when assessing the propriety of joinder under Rule 8(a)." *Id.* Although the *Chavis* court also noted that the nearly two-year gap in time separating the two charges "strongly refutes any inference" of a connection between the gun and the drug charge, *id.* at 460.

The time delay was not crucial to the court's finding of improper joinder. The overriding concern of the *Chavis* court was the absence of allegations in the indictment

4

connecting the two charges. In this case the gun possession and the drug distribution charges were separated by six weeks. The shorter gap in time is not sufficient to distinguish this case from *Chavis* or to allow for an inference that the gun possession was connected to the drug distribution. The indictment in this case lacks any allegations connecting the gun charge to the drug charges. The mere fact that drugs and guns are frequently connected is not sufficient, even when the charges occur within six weeks of each other, to meet the Rule 8(a) requirement of connectedness.

Accordingly, the Court will grant Defendant Malone's motion to sever the felon in possession charge from the drug distribution charges. The government shall elect the order in which charges will proceed to trial.

An order consistent with this opinion will be entered.


Date:   January 10, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE